IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT MARK BRIMBERRY, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | §     CIVIL ACTION NO. H-07-1105 |
| | § |
| NATHANIEL QUARTERMAN, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, CORRECTIONAL | § |
| INSTITUTIONS  DIVISION, | § |
| | § |
| Respondent. | § |

**MEMORANDUM AND ORDER DENYING PETITIONER'S
§ 2254 APPLICATION FOR WRIT OF HABEAS CORPUS**

Before the Court in this proceeding brought pursuant to 28 U.S.C. § 2254 is Respondent's

Answer (Document No. 5) to Petitioner Robert Mark Brimberry's Federal Application for Writ

of Habeas Corpus (Document No. 1), along with Petitioner's Response to Respondent's Brief

(Document No. 9).  Having considered the Answer, Response, the claims raised by Petitioner,

the conviction pursuant to which Petitioner is incarcerated, and the applicable law, the Court

ORDERS, for the reasons set forth below, that Petitioner's Application for Writ of Habeas

Corpus (Document No. 1) is DENIED, and that this case is DISMISSED WITH PREJUDICE.

**I.**    **Introduction and Procedural History**

Robert Mark Brimberry ("Brimberry") is currently incarcerated in the Texas Department

of Criminal Justice, Correctional Institutions Division, as a result of a 1994 felony conviction for

unauthorized use of a motor vehicle in the 253rd District Court of Liberty County, Texas, Cause

No. 20528, for which he was sentenced to forty years imprisonment.  *See* Petition for a Writ of

Habeas Corpus (Document No. 1) at 2.   Brimberry is not challenging the validity of that conviction herein; rather, Brimberry is challenging the validity of a prison disciplinary proceeding, disciplinary case no. 20060129511, in which he was found guilty of attempted escape, and which resulted in: 1) a loss of commissary privileges for 45 days, 2) a loss of personal property privileges for 45 days, 3) a loss of contact visits through April 17, 2006, 4) cell restriction for 45 days, 5) a reduction in line class from S3 to L3, 6) 15 days solitary confinement, and 7) loss of 6,264 days of good time credit. *See* Disciplinary Hearing Records (Document No. 6) at 2.   Brimberry filed both a step one and a step two grievance, challenging the disciplinary proceeding.   The step one grievance, filed on January 23, 2006, was denied on February 2, 2006.   *Id.* at 15-16.   The step two grievance was filed on February 17, 2006. Although the grievance was denied on April 10, 2006, Brimberry's loss of good time was reduced to 3,000 days.   *Id.* at 17-18.   This § 2254 proceeding, filed by Brimberry on or about April 3, 2007, the date the § 2254 application was file-stamped as received by the Clerk of this District, followed.

Respondent has filed an Answer (Document No. 5), asserting therein that Brimberry has failed to state a claim for which relief is available under 28 U.S.C. § 2254.   Brimberry has filed a response to Respondent's brief (Document No. 9).   This § 2254 proceeding is now ripe for ruling.

II.   **Claims**

Although in his original petition Brimberry points to four grounds as a basis for his complaint, his § 2254 Application can best be summarized into two major arguments.[1] Brimberry alleges in this proceeding that his due process rights were violated during and in relation to prison disciplinary proceeding no. 20060129511, because:

> (1) there is insufficient or no evidence to support each element of the offense in violation of the Due Process in the United States Constitution; and

> (2) the officer who investigated the disciplinary charge was the same officer who presided over the disciplinary hearing, which biased his hearing in violation of his right to a fair and impartial proceeding;

Respondent argues in his Motion for Summary Judgment that Brimberry received all the process he was due in connection with disciplinary case no. 20060129511, that there is sufficient evidence in the record to sustain the guilty finding in disciplinary case no. 20060129511, and that Brimberry has made no evidentiary showing that he had been subjected bias or prejudice during his disciplinary hearing.

## III.   <u>Discussion</u>

---

[1] Brimberry's original four grounds were:

> (1)   Texas Constitution Due Course: insufficient and or no evidence to support each element of the offense;
> (2)   United States Constitution Due Process: insufficient and or no evidence to support each element of the offense;
> (3)   United States Constitution Due Process: no fair and impartial hearing because the hearing officer took part in the investigation of the offense; and
> (4)   United States Constitution Due Process: no evidence to support the claim that he was in possession of contraband. *See* Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) at 7-11.

Since Ground One is not cognizable in this Court, and Grounds Two and Four both relate to insufficient/no evidence for his offense, this Court will evaluate them accordingly.

3

In the context of a prison disciplinary proceeding, inmates are entitled to the following due process guarantees: (1) 24 hours written advance notice of the disciplinary charge(s); (2) a written statement of the fact finders as to the evidence relied on and the reason(s) for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense of the charges.  *Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974).  Such due process guarantees, however, are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 485-86 (1995).  As a result, *Wolff*'s three due process requirements apply in the prison disciplinary context *only* when the punishment imposed affects the length of the inmate's sentence and/or represents an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

Here, because Brimberry lost 6,264 days of good conduct time in connection with disciplinary case no. 20060129511, and because   Brimberry is eligible for mandatory supervision release, the discipline imposed on Brimberry in connection with disciplinary case no. 20060129511 had an arguable effect on Brimberry's sentence, and Brimberry was therefore entitled to the due process guarantees set forth in *Wolff.  See Spicer v. Collins,* 9 F.Supp.2d 673, 685 (5th Cir. 1998); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).  Nevertheless, the summary judgment evidence shows that Brimberry was afforded the due process to which he was entitled under *Wolff*.

The uncontroverted summary judgment evidence in the record shows that Brimberry was given 24 hours written notice of the disciplinary charge, and was also given a timely, sufficiently detailed, written description of the conduct upon which the disciplinary charge was based.  *See* Disciplinary Hearing Records (Document No. 6) at 2 (date and time notified of offense: 01/12/2006, 0928; date and time of hearing: 01/18/2006, 0745; Offense Description: "On the date and time listed above, and at TAG plant, Offender: Brimberry, Robert Mark TDCJ-ID No. 00719780, had in possession contraband intended to aid him in an attempt to escape from the custody of TDCJ.  The contraband was a sketch of a schlage key (2002600).  The key fits exterior doors and interior gates of the TAG plant.  He also had a schlage lock rekeying kit, numerous lock picks, 3 hacksaw blades, 4 inch piece of metal sharpened on the side, and number small dermal tools.").  Second, the summary judgment evidence shows that Brimberry was appointed a counsel substitute to assist him with the disciplinary hearing, and was given the opportunity to call witnesses and present documentary evidence.  *Id.* at 2, 10-13.  Finally, the summary judgment evidence shows that Brimberry was provided with a written statement of the evidence relied upon in finding him guilty and the reasons for the punishment he received, *Id.* at 2.  Thus, Brimberry was afforded all the process he was due under *Wolff* in connection with disciplinary case no. 20060129511.

As for Brimberry's more particular complaints, that there was insufficient evidence that he committed the offense, and that his due process rights were violated because the hearing officer was biased, neither of these complaints finds any support in the record, and neither entitle Brimberry to any relief in this § 2254 proceeding.

    **A.**    **Sufficiency of the Evidence**

Respondent correctly states that Brimberry's claim of a violation of due course under the Texas Constitution has no federal constitutional basis, as it is based solely on Texas law, and is therefore not cognizable on federal habeas review.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  *See also, Mayabb v. Johnson*, 168 F.3d 863, 869 (5th Cir. 1999); *Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998).  Therefore, this Court declines to evaluate Brimberry's sufficiency of evidence claim under Texas law.

This Court will, however, evaluate the claim under federal law.  "[W]here good time credits constitute a protected liberty interest, a decision to revoke such credits must be supported by some evidence."  *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 447, 457 (1985); *see also, Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001) (holding that only some evidence is required to support findings made in a prison disciplinary proceeding).  The some evidence standard is de minimus, and may be met with the information provided in a written incident report.  *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001).  "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision."  *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).

The record shows that the guilty finding in disciplinary case no. 20060129511 was based on the charging officer's offense report and the testimony  from the charging officer, Officer Baggett, that it appeared Brimberry had in his possession contraband intended to aid him in an attempt to escape, specifically a sketch of a schlage key that fits exterior doors and interior gates, along with various other items such as lock picks and hacksaw blades, which were located in the machine shop of the TAG plant where he is assigned to work.  *See* Disciplinary Hearing Records (Document No. 6) at 3.  In addition, the guilty finding is supported by the written statements of

6

Officer Hunt, Officer Rasbeary, and Officer Powell, that were read by the hearing officer into the record. *Id.* at 6-8.[2]

Brimberry argues in his petition, and again in his response to the Respondent's brief, that the items described in Officer Baggett's report were not found in his possession. According to Brimberry, as found in his response and in the T.D.C.J. Service Investigation Work Sheet, these items were not found on his person, nor in his cell. Brimberry states in the record:

> That stuff belongs to the tag plant. I work at the machine shop. Everything that you mentioned is all ready [sic] there. I did not have any sketches of any keys at all. The locks are assigned to the tag plant, and never leave the tag plant. *Id.* at 10.

Brimberry's argument is only a conclusory assertion without any evidentiary support. In fact, the evidence in Brimberry's own brief, namely the document described as the "Offender Orientation Handbook," states that "possession includes having an item on the body of an offender, *among his belongings* or in his cell or immediate living area, no matter who owns the item." *See* Response to Answer to Habeas Petition, Attachment 1 (Document No. 9-2) at 1.

---

[2] **Officer Hunt** wrote in his statement:

Having a sketch of an exterior key and various other items that are mentioned in the disciplinary report are in fact contraband. These items are not used in this offenders routine job assignments and the look and key paraphernalia were and will never be part of any offenders' work related items. *See* Disciplinary Hearing Records (Document No. 6) at 6.

**Officer Rasbeary** wrote in his statement:

The items listed in Capt. Baggett's offensive [sic] report are not a part of offender Brimberry's job duties as a machine operator in the TAG plant. These items are contraband. *Id.* at 7.

**Officer Powell** wrote in his statement:

The items mentioned in Capt. Baggett's disciplinary report are not a part of offender Brimberry's assigned job as a machinist in the TAG plant. These items are considered contraband. *Id.* at 8.

(emphasis added).   The statement of the charging officer, Officer Baggett, indicates that Brimberry was in possession of the alleged contraband because the items were found at his work station.  Officer Baggett states:

> The items were hidden in the machine shop of the TAG plant where offender is assigned. Offender is the only offender assigned to the machine shop.  Machine shop is behind locked gates.  *See* Disciplinary Hearing Records (Document No. 6) at 12.

Furthermore, no evidence in the record supports Brimberry's contention that 200 or more inmates have access the area where the contraband was discovered.  Therefore, a large degree of deference is given to the charging officer's statement.

The offense report, the testimony of Officer Baggett, and the written statements the other officers suffice as "some evidence" to support the guilty finding in disciplinary case no. 20060129511 that Brimberry was found with contraband to aid him in an attempt to escape from custody of TDCJ.   Because the record contains some evidence to support the finding that Brimberry was found with contraband in order to attempt an escape, Brimberry's no evidence/insufficient evidence claim fails.

**B.     Biased Hearing Officer Claim**

In *Wolff*, the Supreme Court determined that an inmate is entitled to have his disciplinary case decided by an impartial decisionmaker. The Court, however, has not exactly defined what qualifies as an "impartial decisionmaker." 418 U.S. at 570-71.  The Supreme Court found that a hearing board made up of three prison officials was "sufficiently impartial to satisfy the Due Process Clause." *Id.* at 571.  Although not controlling, in his concurring and dissenting opinion, Justice Marshall elaborated on this finding by noting that:

> there is no constitutional impediment to a disciplinary board composed of responsible prison officials like those on the Adjustment Committee here. While it might well be desirable to have persons from outside the prison system sitting on disciplinary panels, so

8

as to eliminate any possibility that subtle institutional pressures may affect the outcome of disciplinary cases and to avoid any appearance of unfairness, in my view due process is satisfied as long as no member of the disciplinary board has been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case. *Id.* at 592. (J. Marshall, concurring in part and dissenting in part).

The records show that Captain Baggett was the investigating and charging officer, Captain Bomhof was counsel substitute, and Captain Losack was the disciplinary hearing officer. *See* Disciplinary Hearing Records (Document No. 6) at 2.  There is nothing in the records to show that Captain Losack was involved in the investigation or prosecution of the offense. Although Brimberry argues that the hearing officer, Captain Losack, made visits to Brimberry's cell before the hearing, there is no evidence that these visits biased Brimberry's hearing, and Brimberry offers nothing to demonstrate that he was prejudiced, other than conclusory allegations regarding the process, wherein he argues the paperwork for his hearing was already partially completed.  In fact, all of Brimberry's allegations find no basis on evidence in the record, and cannot be evaluated without evidentiary support.  Therefore, Brimberry's bias claim fails.


**IV.**   **Conclusion and Order**

Based on the foregoing, and the conclusion that no relief is available to Petitioner on the claims he has asserted in this proceeding pursuant to 28 U.S.C. § 2254, the Court

ORDERS that Petitioner Robert Mark Brimberry's Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this case is DISMISSED WITH PREJUDICE.  It is further

ORDERED that a Certificate of Appealability is DENIED.  A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* at 484; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001).  When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Given the claims raised herein, and the record of the disciplinary proceeding, the Court determines that reasonable jurists would not find the assessment of Petitioner's claims to be debatable or wrong.  Therefore, Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 7th  day of  July, 2008.

Frances H. Stacy
United States Magistrate Judge

11